UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PERLIA WHITE                                      CIVIL ACTION

VERSUS                                            NO.  24-2068

OAK STREET HEALTH                                 SECTION: "I" (3)

ORDER AND RESONS

*Pro se* plaintiff Perlia White ("plaintiff") filed the above-captioned federal lawsuit against Oak Street Health and one of its medical providers, Keisha Mackie ("Mackie") (collectively, "defendants"). Plaintiff alleges that Mackie diagnosed plaintiff with tumors but then ceased all communication or treatment.[1]

The complaint's cover sheet characterized the suit as a tort for "personal injury – medical malpractice" and "Medicare Act."[2] The complaint identified the sole basis for jurisdiction as 28 U.S.C. § 1331 (federal question).[3] Based on its initial review of the lawsuit, the Court ordered plaintiff to file a written statement on or before October 1, 2024, as to why this case should not be dismissed for lack of subject-matter jurisdiction.[4]

The Court did not receive any response by the deadline. Later, however, plaintiff advised that she had not received the show-cause order.[5] The Court granted

---

[1] R. Doc. No. 1 at 4.

[2] R. Doc. No. 1-2.

[3] *See* Doc. 1 at 3.

[4] R. Doc. No. 3 (citing 28 U.S.C. § 1915(e)(2)(B)).

[5] R. Doc. No. 5.

plaintiff an extension of time to respond through December 2, 2024.[6]  Plaintiff timely responded on November 21, 2024.[7]  Considering plaintiff's complaint and her supplemental response, the Court now dismisses this matter without prejudice for lack of subject matter jurisdiction.

## I.    LAW AND ANALYSIS

"There is no absolute right to be allowed to proceed in forma pauperis in civil matters; rather it is a privilege extended to those unable to pay filing fees when the action is not frivolous or malicious." *Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969). Section 1915(e)(2) directs that courts "shall dismiss [an *in forma pauperis* plaintiff's] case at any time" if the plaintiff's complaint fails to state a claim upon which relief may be granted or is determined to be frivolous. 28 U.S.C. § 1915(e)(2). Further, federal courts are courts of limited jurisdiction. "[D]istrict court[s] 'shall dismiss the action' whenever 'it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter.'" *Avitts v. Amoco Prod. Co.*, 53 F.3d 690, 693 (5th Cir. 1995) (quoting Fed. R. Civ. P. 12(h)(3)). If screening of a complaint pursuant to § 1915(e)(2) results in the conclusion that subject matter jurisdiction is lacking, dismissal is appropriate. *See Humphries v. Various Fed. U.S. INS Emps.*, 164 F.3d 936, 941 (5th Cir. 1999) (citation omitted); *see also Nixon v. Att'y Gen. of Texas*, 537 F. App'x 512 (5th Cir. 2013).

---

[6] R. Doc. No. 6.
[7] R. Doc. No. 8.

In her complaint, plaintiff relied on federal question jurisdiction. "Congress has dictated that federal courts have jurisdiction over all cases 'arising under the Constitution, laws, or treaties of the United States.'" *McKnight v. Dresser, Inc.*, 676 F.3d 426, 430 (5th Cir. 2012) (citing 28 U.S.C. § 1331). Courts determine whether a claim "arises under" federal law through the "well-pleaded complaint" rule. *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986).

"A federal question exists 'only [in] those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Singh v. Duane Morris LLP*, 538 F.3d 334, 337–38 (5th Cir. 2008) (quoting *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1 (1983)). Additionally, plaintiffs can establish federal question jurisdiction by alleging a state cause of action that Congress has completely pre-empted such that the claim is inherently federal in character. *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987).

Plaintiff sued Oak Street Health, a private entity, and Mackie alleging that Mackie did not provide treatment to or communicate with plaintiff after a tumor diagnosis.[8] On its face, plaintiff's complaint appears to allege some form of medical malpractice or a related state-law claim. It does not reflect a colorable claim arising under federal law. *See Smith v. Faucheux*, 194 F.3d 1308 (5th Cir. 1999).

---

[8] R. Doc. No. 1, at 3–4.

Plaintiff's subsequent response also does not allege any facts that would support federal question jurisdiction. To the contrary, the supplemental response alleges that "Dr/NP Keisha Mackie" advised plaintiff of "benign tumors," but then "stopped all communication" without explanation.[9] Plaintiff further alleges that, despite inquiries made with the assistance of Medicare, "[a]bsolutely nobody at Oak Street Health was available to discuss the neglect."[10] Plaintiff also alleges that she had to change her doctor and has felt "uncomfortable ever since."[11] In her response, plaintiff failed to specify which specific statutes, treaties or provisions of the United States Constitution are at issue. In short, the supplemental response does not identify any federal claim. Thus, even construing the complaint generously and accounting for the supplemental response, the only alleged causes of action arise under state law.

Finally, plaintiff has never suggested, much less shown, that diversity jurisdiction exists.[12] And plaintiff has failed to allege facts that would establish diversity jurisdiction. Plaintiff affirmatively alleges Louisiana citizenship relative to Oak Street Health.[13] Plaintiff does not parse out the citizenship of Mackie, other than noting that she works at Oak Street Health. But there is no allegation that would

---

[9] R. Doc. No. 8. The passing mention of Medicare does not give rise a federal claim. *See Scott v. Pfizer Inc.,* 182 F. App'x 312, 315–16 (5th Cir. 2006) ("Furthermore, the doctors' receipt of medicare or medicaid funds as payment for the surgeries did not confer jurisdiction on the district court as the Medicare Act and the Medicaid Act do not provide for a private cause of action.").

[10] *Id.*

[11] *Id.*

[12] *See, e.g.*, R. Doc. No. 1 at 3.

[13] R. Doc. No. 1 at 3–4.

support the conclusion that diversity jurisdiction exists relative to Mackie. *See also*

*Shannon v. Jackson*, No. 23-2137, 2023 WL 4201786, at *3 (E.D. La. June 27, 2023)

(Currault, Mag. J.) (concluding that diversity jurisdiction was absent when a

complaint form was silent as to the citizenship of certain defendants and the parties

"appear[ed] to have Louisiana addresses, suggesting they may well be Louisiana

citizens"). Thus, the complaint does not allege nor establish diversity jurisdiction.

While plaintiff may have a claim under state law (an issue that the undersigned does

not reach), there is no basis for this Court to exercise jurisdiction over her lawsuit.

## II.    CONCLUSION

Accordingly, having carefully reviewed the record of this matter in light of the

applicable law, and for these reasons;

**IT IS ORDERED** that plaintiff Perlia White's Complaint is **DISMISSED**

**WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

New Orleans, Louisiana, November 27, 2024.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**